UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, | ) | Case No. 12-53023 |
| | ) | |
| Debtor. | ) | Judge Thomas J. Tucker |
| | ) | |
| HOME VENTURES ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 13-05228 |
| v. | ) | |
| | ) | |
| RALPH ROBERTS REALTY, LLC, RALPH R. ROBERTS and HEATHER ELIASZ, | ) | |
| | ) | |
| Defendants. | ) | |

## RALPH ROBERTS REALTY, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS RALPH R. ROBERTS AND HEATHER ELIASZ

Ralph Roberts Realty, LLC, by its attorneys Gold, Lange & Majoros, P.C., hereby moves this Court for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz in its favor on Plaintiff's Complaint pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56. Concurrence in the relief requested herein was requested on April 4, 2014, and was denied. Ralph Roberts Realty, LLC relies upon the Brief in Support of Ralph Roberts Realty, LLC's Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz filed concurrently herewith.

                                                 Respectfully submitted,
                                                 GOLD, LANGE & MAJOROS, P.C.

Dated: April 4, 2014                /s/   Hannah M. McCollum
                                                 HANNAH M. McCOLLUM (P67171)
                                                 Attorneys for Plaintiff
                                                 24901 Northwestern Highway, Suite 444
                                                 Southfield, Michigan 48075
                                                 (248) 350-8220

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, | ) | Case No. 12-53023 |
| | ) | |
| Debtor. | ) | Judge Thomas J. Tucker |
| | ) | |
| HOME VENTURES ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 13-05228 |
| v. | ) | |
| | ) | |
| RALPH ROBERTS REALTY, LLC, RALPH R. ROBERTS and HEATHER ELIASZ, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING RALPH ROBERTS REALTY, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS RALPH R. ROBERTS AND HEATHER ELIASZ

This matter having come before the Court upon the Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz on Plaintiff's Complaint filed by Ralph Roberts Realty, LLC (the "Motion"), no timely objection to the Motion having been filed or served, and the Court being duly advised in the premises:

IT IS HEREBY ORDERED that the Motion is granted.

IT IS FURTHER ORDERED that the Complaint is dismissed with prejudice as to Ralph R. Roberts and Heather Eliasz.

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | ) | Chapter 11 |
|---|---|---|
| | ) | |
| RALPH ROBERTS REALTY, LLC, | ) | Case No. 12-53023 |
| | ) | |
| Debtor. | ) | Judge Thomas J. Tucker |
| | ) | |
| HOME VENTURES ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 13-05228 |
| v. | ) | |
| | ) | |
| RALPH ROBERTS REALTY, LLC, RALPH R. ROBERTS and HEATHER ELIASZ, | ) | |
| | ) | |
| Defendants. | ) | |

### NOTICE OF RALPH ROBERTS REALTY, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS RALPH R. ROBERTS AND HEATHER ELIASZ

Ralph Roberts Realty, LLC, by its attorneys Gold, Lange & Majoros, P.C., has filed a Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz on Plaintiff's Complaint and a Brief in Support of Ralph Roberts Realty, LLC's Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz on Plaintiff's Complaint in the above referenced matter.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion or if you want the court to consider your views on the motion, by 14 days after the date of this notice, you or your attorney must:

1. File with the court a written objection or request for hearing, explaining your position, at:[1]

United States Bankruptcy Court
211 W. Fort Street, Suite 2100

---

[1] 1Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

1

Detroit, Michigan 48226

If you mail your objection or request for hearing to the court for filing, you must mail it early enough so that the court will **receive** it on or before the 14 day deadline.

2. You must also mail a copy to:

Hannah M. McCollum, Esq.
Gold, Lange & Majoros, P.C.
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075

If an objection or request for hearing is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief**.

Respectfully submitted,
GOLD, LANGE & MAJOROS, P.C.

Dated: April 4, 2014  /s/ Hannah M. McCollum
HANNAH M. McCOLLUM (P67171)
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 444
Southfield, Michigan 48075
(248) 350-8220
hmccollum@glmpc.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, | ) | Case No. 12-53023 |
| | ) | |
|    Debtor. | ) | Judge Thomas J. Tucker |
| | ) | |
| HOME VENTURES ENTERPRISES, LLC, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 13-05228 |
| v. | ) | |
| | ) | |
| RALPH ROBERTS REALTY, LLC, RALPH R. ROBERTS and HEATHER ELIASZ, | ) ) | |
| | ) | |
|    Defendants. | ) | |

**BRIEF IN SUPPORT OF RALPH ROBERTS REALTY, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANTS RALPH R. ROBERTS AND HEATHER ELIASZ**

Ralph Roberts Realty, LLC ("Realty") by and through its attorneys, Gold, Lange & Majoros, P.C., for its Brief in Support of its Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz states as follows:

**Introduction**

On February 17, 2012, Realty confirmed its Fifth Amended Combined Plan of Reorganization and Disclosure Statement (the "Plan"). In the Plan and its attachments, Realty described its investor program, wherein it finds investment properties for participants in the program, who, in turn, agree to share a percentage split of the profit once the investor sells a property purchased through Realty's program. In the Plan's attachments, Douglas Boos, owner and sole member of Home Ventures Enterprises, LLC, is listed as having purchased 14 properties through Realty's investor program. Home Ventures Enterprises, LLC ("Home

1

Ventures") paid Realty its agreed percentage share of the profits on 5 houses. Home Ventures, prior to confirmation of the Plan, never disputed its membership in and participation in Realty's investor program. As is Realty's custom, and pursuant to the terms of the investor program described in the Plan, Realty recorded claims of interest (the "Claims") with the appropriate county registers of deeds to evidence its contingent interest in the split of profits upon the sale of each property. The Claims were signed by Heather Eliasz as "Acting Agent for Ralph Roberts Realty, LLC". Ralph R. Roberts signed none of the Claims. Post-confirmation, Home Ventures sued Realty, Ralph Roberts individually and Heather Eliasz individually for alleged liability for slander of title. Home Ventures has presented no evidence that either Ms. Eliasz or Mr. Roberts are liable to Home Ventures in their individual capacities in any way for slander of title. Accordingly, Ms. Eliasz and Mr. Roberts must be dismissed from this adversary proceeding.

## Statement of Undisputed Facts

Ralph Roberts Realty, LLC and Ralph R. Roberts (collectively, the "Debtors") filed the above-captioned cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 25, 2012 (the "Petition Date").

This Court entered an order jointly administering the Debtors' cases on May 31, 2012.

On December 6, 2012, the Debtors filed the Plan. The Court granted preliminary approval of the Debtors' disclosure statement on December 6, 2012, and entered an order confirming the Plan on February 11, 2013 (the "Confirmation Order').

Realty is defending this adversary proceeding based on the authority granted to it under the terms of the Plan and the Confirmation Order.

The sole member of Home Ventures, Douglas Boos, was listed in the attachments to the Plan as a member of Realty's investor program.

2

Home Ventures was the entity that made the purchases of property through Realty's investor program.

Realty's investor program requires three payments from investors: a $5,000 acquisition fee (the "Acquisition Fee"), a split of the net profits upon an investor's sale of a house, and a payment to Realty of a broker's commission for marketing and selling an investor's property after the investor makes the determination to sell it.

Home Ventures purchased the following properties through Realty's investor program:

- 6902 Pebble Park, West Bloomfield ("Pebble Park");
- 4131 Green Lake Rd., West Bloomfield ("Green Lake");
- 4008 Foxview, West Bloomfield ("Foxview");
- 1375 N. Vann Rd., Holly ("Vann");
- 21615 Jacksonville, Farmington Hills ("Jacksonville");
- 545 Winwood Circle, Walled Lake ("Winwood");
- 1921 Barrett Ave., Royal Oak ("Barrett");
- 1521 Annabelle, Ferndale, Michigan ("Annabelle I");
- 23230 Sherman, Oak Park, Michigan ("Sherman");
- 22332 Nancy, Southfield, Michigan ("Nancy");
- 21716 Hamilton, Farmington Hills, Michigan ("Hamilton");
- 29115 Village, Southfield, Michigan ("Village");
- 1709 Annabelle, Ferndale, Michigan ("Annabelle II");
- 5609 Paradise, Commerce, Michigan ("Commerce");
- 21315 St. Francis, Farmington Hills, Michigan ("St. Francis");
- 508 Dewey, Auburn Hills, Michigan ("Dewey");

- 566 E. Breckenridge, Ferndale, Michigan ("Breckenridge");

- 2190 Kircher, Auburn Hills, Michigan ("Kircher"); and

- 2438 Willow Beach, Keego Harbor, Michigan ("Willow Beach").

collectively, the "Properties".

Realty and Home Ventures agreed that, upon sale of any of the Properties, Home Ventures would pay Realty 50% of the net profit, that the Acquisition Fee was due at the time Home Ventures purchased a property through Realty's investor program and that the commission was due upon sale.[1]

In addition, if a property was redeemed by a homeowner, Realty agreed that it would credit the $2,500 paid by Home Ventures toward the Acquisition Fee for any property purchased by Home Ventures in the future.

Home Ventures sold the following properties and made the following disbursements to Realty:

| Property Short Name | Home Ventures' Sale Price | Split Paid to Realty | Commission Paid to Realty |
|---|---|---|---|
| Pebble Park | $115,000 | None | Yes |
| Green Lake | $60,000 | $10,200 | Yes |
| Foxview | $228,000 | $18,123.93 | Yes |
| Vann | $145,000 | $17,023.00 | Yes |
| Jacksonville | $6,612.00 | Paid as agreed | Yes |
| Winwood | Unknown | Unknown | Unknown |

---

[1] Realty agreed that it would not receive an upside on Pebble Park.

After the sale of the above properties, Home Ventures informed Realty that it no longer wished to participate in Realty's investor program, and preferred to find property investment opportunities itself.

Realty agreed that Home Ventures was not obligated to purchase any properties through Realty and could purchase properties on its own. Realty did not agree that Home Ventures no longer owed Realty a split with respect to the Properties that Home Ventures had purchased through Realty's investor program but had not yet sold.

As a result of its contingent interest in the Properties, Realty recorded the Claims as follows:

| Property Short Name | Claim Record Date | Claim Recording County | Liber | Page No. | Signed by Heather Eliasz as "Acting Agent"? |
|---|---|---|---|---|---|
| Barrett | None | | | | |
| Annabelle I | 7/2/2013 | Oakland | 46009 | 145 | Yes |
| Sherman | 7/16/2013 | Oakland | 46067 | 487 | Yes |
| Nancy | 5/7/2013 | Oakland | 45757 | 561 | Yes |
| Hamilton | 7/16/2013 | Oakland | 46067 | 489 | Yes |
| Village | 7/16/2013 | Oakland | 46067 | 491 | Yes |
| Annabelle II | 5/7/2013 | Oakland | 45757 | 563 | Yes |
| Commerce | None | | | | |
| St. Francis | 7/2/2013 | Oakland | 46009 | 147 | Yes |
| Paradise | 7/16/2013 | Oakland | 46067 | 493 | Yes |
| Dewey | 5/7/2013 | Oakland | 45757 | 553 | Yes |
| Breckenridge | 5/7/2013 | Oakland | 45757 | 555 | Yes |
| Kircher | 7/16/2013 | Oakland | 46067 | 483 | Yes |
| Willow | 7/16/2013 | Oakland | 46067 | 485 | Yes |

| Beach | | | | | |

Home Ventures did not object to the Plan or otherwise dispute Mr. Boos' inclusion as a participant in Realty's investor program.

On October 8, 2013, Home Ventures filed its complaint (the "Complaint") against Realty in Oakland County Circuit Court, seeking to quiet title and two counts of damages for slander of title. Home Ventures filed its Complaint against Realty, Mr. Roberts individually and Ms. Eliasz individually.

The Complaint contains nothing other than the bare allegation that ". . . RALPH R. ROBERTS and HEATHER ELIASZ wrongfully recorded Claims of Interest in each of the above referenced properties" on which to base personal liability of either Mr. Roberts or Ms. Eliasz.

Each of the Claims contains the statement that Ms. Eliasz signed them in her capacity as "Acting Agent for Ralph Roberts Realty, LLC".

Mr. Roberts, on behalf of Realty, instructed Ms. Eliasz, as an employee of Realty, to execute the Claims and file them with the appropriate County Register of Deeds.

Realty believed at the time the Claims were filed, and currently believes, that it has an interest in each of the Properties that continues until the Properties are sold by Home Ventures.

On October 17, 2013, Realty filed its Notice of Removal, which sought to remove the Complaint to the Bankruptcy Court.

Home Ventures did not object to the Notice of Removal.

On November 21, 2013, Realty, Mr. Roberts and Ms. Eliasz filed and properly served an Answer to the Complaint (the "Answer").

The Answer contained affirmative defenses, and requested that Home Ventures file an answer to the affirmative defenses.

Home Ventures did not file an answer to the affirmative defenses.

## Argument

**A.       Plaintiff Is Entitled to Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure applies to adversary proceedings in bankruptcy through the application of Fed. R. Bankr. P. 7056, and provides for summary adjudication as follows:

> (c) . . . judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

Fed. R. Civ. P. 56(c). As the Supreme Court stated in *Celotex Corp. v. Catrett,* 477 U.S. 317, 327 (1986), "[S]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy, and inexpensive determination of every action.'" *Celotex,* at 327. "[T]he burden on the moving party may be discharged by 'showing'--that is pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex,* at 425. When the movant has met its burden, the opposing party must present significant probative evidence which tends to support a claim or defense asserted. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159-60, 90 S. Ct. 1598 (1970). The adverse party to a Rule 56 motion "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

This matter is wholly appropriate for summary judgment as no material facts are in dispute. The plain language of the Claims indicates that they were signed by Heather Eliasz as an agent of Realty. Home Ventures has not presented, because it cannot present, any evidence that Ms. Eliasz or Mr. Roberts were acting in their individual capacities when the Claims were

7

filed against the Properties. Further, Home Ventures failed to answer the affirmative defenses, which has the effect of deeming them admitted. As a result of all of these factors, this Court should grant Realty's Motion and dismiss the Complaint as to Mr. Roberts and Ms. Eliasz individually.

**B.    Ms. Eliasz Has No Personal Liability to Home Ventures**

Ms. Eliasz, for all periods relevant to the Complaint, was an employee of Realty. Generally, an agent is not liable in his or her individual capacity for acts undertaken in his or her role as agent. Although an agent may be liable for torts that he or she "personally commits", *see Hartman & Eichorn Bldg. Co., Inc. v Dailey*, 266 Mich. App. 545, 701 N.W.2d 749, 752 (Mich. Ct. App. 2005), agents who only make representations on behalf of their employers may not be held personally liable. *See PHD Mich., L.L.C. v. Outfitters Ass'n of Am.*, 2006 U.S. Dist. LEXIS 49528 (E.D. Mich. July 20, 2006).

To establish slander of title . . . a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages. *B & B Inv Group v Gitler*, 229 Mich App 1, 8; 581 NW2d 17 (1998). Here, Ms. Eliasz signed the Claims as "agent for Ralph Roberts Realty, LLC". Ms. Eliasz was directed to sign the Claims by Realty. Ms. Eliasz made no personal representations regarding the contents of the Claims, and signed only in her capacity as agent. Further, Realty had and still has a legitimate belief that it holds a contingent interest in each of the Properties, and this belief formed the basis for the Claims. Home Ventures cannot show that Realty, much less Ms. Eliasz, acted maliciously, or that the Claims were or are false. Accordingly, Home Ventures has no colorable claim against Ms. Eliasz individually, and she should be dismissed from this action.

8
13-05228-tjt    Doc 15    Filed 04/04/14    Entered 04/04/14 15:05:42    Page 13 of 17

## C. Mr. Roberts Has No Personal Liability to Home Ventures

Home Ventures has sued Mr. Roberts in his individual capacity, but Mr. Roberts has no such liability. Home Ventures has an investor relationship with Realty, which is a duly incorporated Michigan Limited Liability Corporation, of which Mr. Roberts is the principal and sole member. As a general proposition, the law treats a corporation as an entirely separate entity from its stockholders, even where one person owns all the corporation's stock. *Kline v Kline*, 104 Mich. App. 700, 702; 305 N.W.2d 297 (1981). If, however, a corporation invokes its separate existence in order to "subvert justice", then a court may "pierce the corporate veil" and find individual stockholders liable for corporate acts. *Allstate Ins Co v Citizens Ins Co of America*, 118 Mich. App. 594, 600; 325 N.W.2d 505 (1982). The traditional basis for piercing the corporate veil has been to protect a corporation's creditors where there is a unity of interest of the stockholders and the corporation and where the stockholders have used the corporate structure in an attempt to avoid legal obligations. *Allstate*, 118 Mich. App. at 600. In Michigan, courts have held that the corporate veil should not be pierced in such a situation in the absence of fraud, illegality, or injustice. *Id* at 601.

Here, Mr. Roberts and Realty have at all times maintained a separate existence. Each has its own bank accounts, maintains its own financial and accounting records, files its own tax returns, and filed its own bankruptcy petition. The Plan did not substantively consolidate Mr. Roberts with Realty, and, post-confirmation, each maintains its own separate identity. Therefore, there is no unity of interest between Mr. Roberts and Realty that would act as a sufficient basis to pierce the corporate veil.

In addition, the Complaint does not allege, and there is no evidence to support, that the filing of the Claims was fraudulent or illegal. At base, the Complaint reveals a contractual

dispute between Realty and Home Ventures – Home Ventures claims, to the extent that the Complaint alleges anything, that it had no investor relationship with Realty and owes Realty nothing. Realty, on the other hand, believes that it is owed 50% of the net profit when the Properties are sold, and, as a result of this belief, filed the Claims. Realty did not fraudulently file the Claims, nor was it illegal for Realty to do so. Realty filed the Claims in order to protect its contingent interest in the Properties. As a result, Home Ventures has not advanced any evidence, nor can it, that it is entitled to pierce the corporate veil to hold Mr. Roberts personally liable for any damages that might be found to result from the filing of the Claims. Therefore, Mr. Roberts should be dismissed from this action with prejudice.

## Conclusion

WHEREFORE, Ralph Roberts Realty, LLC requests that this Court grant partial summary judgment as requested herein and dismiss the Complaint as against Ralph R. Roberts, individually and Heather Eliasz, individually, as well as for such other and further relief as this Court deems necessary and appropriate.

Dated: April 4, 2014  Respectfully Submitted,

GOLD, LANGE & MAJOROS, P.C.

/s/ Hannah Mufson McCollum
HANNAH MUFSON MCCOLLUM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 444
Southfield, MI 48075
(248) 350-8220
hmccollum@glmpc.com
(P67171)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RALPH ROBERTS REALTY, LLC, | ) | Case No. 12-53023 |
| | ) | |
| Debtor. | ) | Judge Thomas J. Tucker |
| | ) | |
| HOME VENTURES ENTERPRISES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. 13-05228 |
| v. | ) | |
| | ) | |
| RALPH ROBERTS REALTY, LLC, RALPH R. ROBERTS and HEATHER ELIASZ, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

      I hereby certify that on April 4, 2014, I electronically filed (1) Ralph Roberts Realty, LLC's Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz, (2) Notice of Ralph Roberts Realty, LLC's Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz, (3) Brief in Support of Ralph Roberts Realty, LLC's Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz, and (4) Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Blake P. Lipman, Esq.
Law Offices of Blake P. Lipman
31275 Northwestern Hwy., Suite 140
Farmington Hills, MI 48334

      I further certify that on April 4, 2013, I mailed a copy of 1) Ralph Roberts Realty, LLC's Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz, (2) Notice of Ralph Roberts Realty, LLC's Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz, (3) Brief in Support of Ralph Roberts Realty, LLC's Motion for Partial Summary Judgment as to Defendants Ralph R. Roberts and Heather Eliasz, and (4) Certificate of Service to the above attorney via United States Mail, First Class, Postage Prepaid.

                                       Respectfully submitted,
                                       GOLD, LANGE & MAJOROS, P.C.

Dated: April 4, 2014                    /s/   Hannah M. McCollum
                                        HANNAH M. McCOLLUM (P67171)
                                        24901 Northwestern Highway, Suite 444
                                        Southfield, Michigan 48075
                                        (248) 350-8220
                                        hmccollum@glmpc.com